WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jamie Lynne Kobyluck, | No. CV-16-01874-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Jamie Lynne Kobyluck's appeal of the Social Security Administration's decision to deny her benefits, (Doc. 2). For the following reasons, the Court remands for further proceedings.

**BACKGROUND**

On January 2, 2014, Mrs. Kobyluck filed an application for disability insurance benefits, alleging a disability onset date of July 8, 2012. (Tr. 23.) Her claim was initially denied on July 21, 2014 and it was denied again upon reconsideration on January 16, 2015. (*Id.*) Mrs. Kobyluck then filed a written request for a hearing and she testified before Administrative Law Judge ("ALJ") Earl C. Cates, Jr. (*Id.*) On November 30, 2015 the ALJ issued a decision finding Mrs. Kobyluck not disabled. (Tr. 32.)

In evaluating whether Mrs. Kobyluck was disabled, the ALJ undertook the five-step sequential evaluation for determining disability.[1] (Tr. 23–24.) At step one, the ALJ

---

[1] The five-step sequential evaluation of disability is set out in 20 C.F.R. § 404.1520 (governing disability insurance benefits) and 20 C.F.R. § 416.920 (governing

found that Mrs. Kobyluck had not engaged in substantial gainful activity since July 8, 2012, the alleged onset date. (Tr. 25.) At step two, the ALJ determined that Mrs. Kobyluck suffered from multiple sclerosis ("MS") and type II diabetes, both of which are severe impairments. (Tr. 25.) However, at the same step, the ALJ also determined that the claimant's memory impairment, that is related to her MS, and her alleged neuropathy were non-severe ailments. The ALJ made this determination at step two even though the medical records determined that the claimant did suffer from memory impairment that resulted from her MS and that she did have neuropathy secondary to her diabetes. (Tr. 25–28.) At step three, the ALJ determined that none of Mrs. Kobyluck's severe impairments equaled or met the severity of any of the Social Security Administration's listed impairments. (*Id.*)

At that point, the ALJ reached step four and made a determination of Mrs. Kobyluck's residual functional capacity ("RFC"),² concluding that Mrs. Kobyluck could "perform the full range of light work as defined in 20 CFR 404.1567(b) except she must

---

supplemental security income). Under the test:

> A claimant must be found disabled if she proves: (1) that she is not presently engaged in a substantial gainful activity[,] (2) that her disability is severe, and (3) that her impairment meets or equals one of the specific impairments described in the regulations. If the impairment does not meet or equal one of the specific impairments described in the regulations, the claimant can still establish a prima facie case of disability by proving at step four that in addition to the first two requirements, she is not able to perform any work that she has done in the past. Once the claimant establishes a prima facie case, the burden of proof shifts to the agency at step five to demonstrate that the claimant can perform a significant number of other jobs in the national economy. This step-five determination is made on the basis of four factors: the claimant's residual functional capacity, age, work experience and education.

*Hoopai v. Astrue*, 499 F.3d 1071, 1074–75 (9th Cir. 2007) (internal quotation marks and citations omitted).

² RFC is the most a claimant can do despite the limitations caused by his impairments. *See* S.S.R. 96–8p (July 2, 1996).

- 2 -

avoid heights, scaffolding, ladders, and temperature extremes based on multiple sclerosis." (Tr. 28.)

The Appeals Council declined to review the decision. (Tr. 1–3.) Mrs. Kobyluck filed the complaint underlying this action on June 20, 2016, seeking this Court's review of the ALJ's denial of benefits. (Doc. 2.) The matter is now fully briefed before this Court. (Docs. 21, 22.)

## DISCUSSION

### I. Standard of Review

A reviewing federal court need only address the issues raised by the claimant in the appeal from the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). A federal court may set aside a denial of disability benefits only if that denial is either unsupported by substantial evidence or based on legal error. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "more than a scintilla but less than a preponderance." *Id.* (quotation omitted). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* (quotation omitted).

The ALJ is responsible for resolving conflicts in testimony, determining credibility, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004). This is so because "[t]he [ALJ] and not the reviewing court must resolve conflicts in evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (citations omitted). However, the Court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.' " *Id.* (citing *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)). Nor may the Court "affirm the ALJ's . . . decision based on

evidence that the ALJ did not discuss." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

**II. Analysis**

**A. The ALJ Erred in Finding Kobyluck's Neurocognitive Impairments to be Non-Severe**

"At step two, the ALJ assesses whether the claimant has a medically severe impairment or combination of impairments that significantly limits his ability to do basic work activities." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). This step is generally seen as a "de minimis screening device to dispose of groundless claims." *Smolen v. Chater,* 80 F.3d 1273, 1290 (9th Cir. 1996). Thus, an ALJ should only dismiss claims at this step "when his conclusion is 'clearly established by medical evidence.'" *Webb*, 433 F.3d at 687 (quoting S.S.R. 85–28). Furthermore, during this stage, "the ALJ must consider the combined effect of all of the claimant's impairments on her ability to function, without regard to whether each alone was sufficiently severe." *Smolen,* 80 F.3d at 1290. At step two, the ALJ determined that the claimant had two severe impairments—multiple sclerosis and type II diabetes. Having determined that these conditions were severe, it was error for the ALJ to determine, at step two, that certain aspects of these impairments, already recognized as severe, were not severe.

Virtually all of those who provided medical care to the claimant determined that her cognitive deficits were secondary to her MS. (Tr. 80, 81, 100, 407, 424, 437.) They also concluded that her neuropathy was secondary to her diabetes. It was then error for the ALJ to divide the manifestations of the impairments and find at step two that certain of those manifestations were not severe while finding that the impairment itself was severe. *See Smolen v. Chater,* 80 F.3d 1273, 1290 (9th Cir. 1996) ("[T]he ALJ must consider the combined effect of all of the claimant's impairments on her ability to function, without regard to whether each alone was sufficiently severe."). Thus, the ALJ apparently did not consider the collective impact her neurocognitive impairments had in conjunction with her physical impairments that were caused by her MS in either making

his assessment at step three or step four of his analysis. This led him to fail "to consider how the *combination* of those impairments affected [the claimant's] ability to do basic work activities," and thus resulted in error. *Smolen*, 80 F.3d at 1290.

Once it has been determined that an ALJ made an error during the review of a claimant's file, the next step is to determine whether the error was prejudicial. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008). Dismissing a condition as non-severe is not a prejudicial error if the ALJ still considers the condition as a function limitation during his RFC determination.[3] *Burch v. Barnhart*, 400 F.3d 676, 684 (9th Cir. 2005). There is no evidence that the ALJ considered Kobyluck's memory impairment to be a functional limitation in the case at hand; the only allusion to her memory loss during the RFC assessment was the ALJ's notation that Kobyluck "continued to relay memory loss" in December of 2013.[4] (Tr. 29.) The ALJ did not consider any limitations beyond Kobyluck's physical limitations during the formation of the RFC, and thus he committed prejudicial error. *Burch*, 400 F.3d at 684.

### B. The Appropriate Remedy in this Case is Remand for Further Proceedings

The Ninth Circuit has set forth a three-part test to determine when it is appropriate to remand for benefits versus further administrative proceedings. First, a court must

---

[3] The government attempts to argue that the ALJ's error was harmless because if ALJ had proceeded to step five of the sequential analysis, the Medical Vocational Rules (also known as the "grids") would have led to a determination of not disabled. (Doc. 22 at 5.) However, it is not at all clear that the grids would even apply in this case, as Kobyluck is asserting non-exertional limitations that may require the presence of a vocational expert. *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007) ("[A]n ALJ is required to seek the assistance of a vocational expert when the non-exertional limitations are at a sufficient level of severity such as to make the grids inapplicable to the particular case."). Furthermore, the government is not citing the correct standard of review. Under the harmless error assessment "the relevant inquiry in this context is not whether the ALJ would have made a different decision absent any error, [but] it is whether the ALJ's decision remains legally valid, despite such error." *Carmickle*, 533 F.3d at 1162.

[4] By contrast, the ALJ considered the impacts of the symptoms caused by Kobyluck's diabetic neuropathy during the RFC analysis. (Tr. 29.) Thus, the ALJ's error in finding Kobyluck's neuropathy to be non-severe did not constitute a prejudicial error.

- 5 -

determine whether "the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100–01 (9th Cir. 2014) (citation and quotation omitted). Second, the court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Id.* (citations and quotations omitted). Third, if the court "concludes[s] that no outstanding issues remain and further proceedings would not be useful, [the court] may . . . find[ ] the relevant testimony credible as a matter of law" and remand for benefits. *Id.* (citations and quotations omitted). When there are questions regarding the sufficiency of the record as a whole or an ALJ's reasoning, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Gonzales v. Thomas*, 547 U.S. 183, 185 (2006) (quotation omitted).

The ALJ erroneously dismissed Kobyluck's memory impairment as non-severe at step two. Therefore, the record has not been fully developed in this case.[5] The remaining steps of the sequential analysis must be completed taking into account Kobyluck's memory impairment. The case is therefore remanded for further proceedings.

*/ / /*
*/ / /*
*/ / /*
*/ / /*
*/ / /*
*/ / /*

---

[5] For this reason, the Court declines to find, at this stage in the proceedings where the record remains underdeveloped, that Mrs. Kobyluck must be limited to unskilled work due to the findings of the reviewing state agency physicians. Such a finding would effectively require this Court to have made a determination of disability at step three, which would be inappropriate at this time given the gaps in the record. *Treichler*, 775 F.3d at 1105 ("Where, as in this case, an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

**IT IS THEREFORE ORDERED** that that Clerk of Court remand this action back to the ALJ for further proceedings and enter judgment accordingly.

Dated this 2nd day of June, 2017.

_____
Honorable G. Murray Snow
United States District Judge